# Globe Building & Loan Association *v.* Vanderherchen.

*Mortgage — Building and loan association — Opening judgment — Evidence.*

Where the owner of the mortgage junior to a building and loan association mortgage forecloses and buys in the premises, and shortly thereafter judgment is entered against the mortgagee on a suit begun by the building and loan association on its mortgage, the purchaser cannot have the latter judgment opened on the ground that the building and loan association had

settled with the mortgagee, and had accepted a new mortgage for a much smaller amount, where the evidence of the secretary of the association shows conclusively that there had been negotiations for such a settlement, but that they fell through when the association discovered the existence of other mortgages on the premises by reason of which the mortgagee could not give to the association a first mortgage in substitution of the one which the association already held.

Argued March 25, 1902. Appeal, No. 397, Jan. T., 1901, by Bartram Ashmead, from order of C. P. No. 3, Phila. Co., June T., 1901, No. 3,560, discharging rule to open judgment in case of Globe Building & Loan Association v. Francis Vanderherchen. Before McCollum, C. J., Dean, Fell, Brown and Mestrezat, JJ. Affirmed.

Rule to open judgment.

From the record it appeared that in 1884 the Globe Building & Loan Association made a loan to Francis Vanderherchen and took as security therefor a mortgage for $4,400 and twenty-two shares of stock of the association. In 1890, the defendant executed to Bartram Ashmead a mortgage for $2,300. In June, 1901, Ashmead began a foreclosure suit on this mortgage resulting in a sale of the mortgaged premises to him on October 7, 1891. On October 9, 1901, judgment was entered against Vanderherchen in a suit by the building and loan association on its mortgage. Subsequently Ashmead took a rule to show cause why the latter judgment should not be opened, alleging that in 1894 the association had settled with Vanderherchen, and had taken from him a mortgage for $1,800, the balance then due by him, and that this was in substitution of the prior mortgage. The association denied that there had been any such mortgage executed, and the secretary of the association testified that there had been negotiations for such a settlement but that they fell through when the association discovered the existence of other mortgages on the premises. The court discharged the rule to open judgment.

*Error assigned* was the order of the court.

*Charles H. Downing*, for appellant.

*Charles H. Pile*, for appellee.

PER CURIAM, April 21, 1902 :

There was no error in discharging the rule to open the judgment and allow the terre-tenant to intervene and defend, as the testimony failed to sustain the allegation that there had been a settlement between the mortgagor and the mortgagee by which the mortgage was paid.

The right of the appellant to have the judgment reduced to the amount actually due on the mortgage is fully protected by the agreement of counsel to credit the payments on the stock.

The judgment is affirmed.